Clark & Collins, Plaintiff-Appellee, *v.* Grenga et, Defendants-Appellants.

Ohio Appeals, Seventh District, Mahoning County.

No. 4091.   Decided April 12, 1960.

*Mr. George B. Woodman* and *Mr. Edward F. Welsh,* for plaintiff-appellee.
*Mr. Robert L. Tatman,* for defendants-appellants.

Phillips, J.   Defendants appeal on questions of law from a judgment for $4,429.23 entered on a jury verdict in plaintiff's action for services rendered to defendants by plaintiff, as certified public accountants, in an attempt to settle a United States Government claim for $67,000.00 back taxes, penalty and interest, which claim defendants settled personally for $33,000.00.

By assignments of error defendants claim that the trial court erred in overruling defendants' motion for new trial, and that the verdict and judgment are not sustained by and are manifestly against the weight of the evidence.

Defendants claim plaintiff has failed to establish services of the value of $5,729.23, of which they have paid $1,300.00; that there was serious doubt in their minds as to whether plaintiff was rendering its best efforts toward their interests in regard

to the claims of the Department of Internal Revenue; and that errors were made by plaintiff, which errors worked as a detriment in presenting their case before the Department of Internal Revenue.

It is clear under the laws of Ohio that under an action to recover money for quantum meruit, the one rendering the services shall do so in a skillful and complete workmanlike manner.

Plaintiff contends its primary concern was to convince the Internal Revenue Department not to bring criminal charges against defendants, and that it was successful; and that the jury apparently felt its services had been performed in a .workmanlike and skillful manner, and further contends:—

"It is alleged that the preparation of the net worth statement on a cash basis instead of an accrual basis was not a proper method of procedure. Yet Mr. Giering testified as follows:—

" 'Now Mr. Giering, in reviewing the Grenga account and establishing your work papers toward the end to which you were working, did you use the cash or the accrual basis for the Grengas?

" 'A. The business of this type should be on the accrual basis, but in going to a net worth or cash receipts and disbursements, you had to use a cash basis. There was no record available in their office to tell what the accruals at the end of a year or tax period were.' "

Plaintiff also contends it was necessary to refer to the reason for retaining the services of plaintiff, and that it was equally necessary to refer to the serious nature thereof, both its criminal and civil aspects, in order that the jury might better judge the real worth of plaintiff's services; and that the evidence submitted at the trial was sufficient to sustain the judgment, and that defendants are not entitled to a new trial.

From the evidence we conclude that the verdict and judgment are sustained by the manifest weight of the evidence, and that the trial court did not err in overruling defendants' motion for a new trial.

The judgment of the common pleas court is affirmed.

GRIFFITH, P. J., and DONAHUE, J., concur.